```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION


ELLEN EVANS-SWENY,

                    Plaintiff,

vs.                                 Case No.  2:12-cv-40-FtM-29DNF

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                    Defendant.
_____
```

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #20), filed on January 15, 2013, recommending that the Commissioner's decision to deny social security disability benefits be affirmed. Plaintiff filed Objections (Doc. #21) on January 28, 2013, to which the Commissioner filed a Response (Doc. #22) on January 30, 2013. For the reasons set forth below, the Report and Recommendation is accepted in part and rejected in part.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford,

363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Id. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The Report and Recommendation found: (1) The ALJ properly considered plaintiff's medical issues regarding her hands and properly determined there were no manipulative or functional limitations; (2) the ALJ properly determined plaintiff's mental impairments are non-severe; and (3) the ALJ was not required to obtain vocational expert testimony. Plaintiff only objects to the Report and Recommendation's findings concerning her hands, asserting that the decision of the Commissioner is not supported by substantial evidence because the ALJ failed to determine whether her hand problems were "severe" at step 2 of the sequential evaluation process and failed to assess any manipulative limitations in the assessment of her residual functional capacity. (See generally, Doc. #21.) The Court accepts and adopts the Report

and Recommendation, with the exception of its conclusions concerning the ALJ's decision regarding plaintiff's hands. In that regard, the Court finds that the decision of the Commissioner is not supported by substantial evidence because the evidence establishes that plaintiff's hand impairments were "severe" and the ALJ failed to assess any manual dexterity limitations in the determination of her residual functional capacity.

By implication, the ALJ found that plaintiff did not have a "severe" impairment relating to her hands at Step 2 of the evaluation process. (Tr. 12-13.)  A severe impairment is an impairment or combination of impairments that significantly limits plaintiff's physical or mental ability to do basic work activities. 42 U.S.C. § § 404.1521(a), 416.921(a).  Basic work activities include physical functions, such as walking, standing, sitting, pushing and pulling; the capacity for seeing, hearing, and speaking; the ability to understand, carry out, and remember simple instructions, to use judgment and to respond appropriately to supervision, coworkers and usual work situations; and the ability to deal with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b).  "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." McCruter v. Bowen, 791 F.2d 1544,

1546 (11th Cir. 1986).  The claimant's "burden at step two is mild" and "allows only claims based on the most trivial impairments to be rejected," McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986), "and an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work.  The claimant only needs to show that his impairment is not so slight and its effect not so minimal." Beegle v. Social Sec. Admin., Comm'r., 482 F. App'x. 483, 486 (11th Cir. 2012), citing McDaniel, 800 F.2d at 486.  To perform a full range of even sedentary work requires bilateral manual dexterity. Foote v. Chater, 67 F.3d 1553, 1559-60 (11th Cir. 1995).

The administrative record clearly establishes that plaintiff suffers from impairments relating to her hands which are neither slight nor minimal.  The Report and Recommendation summarizes medical evidence from October, 2007 to January, 2010, showing carpal tunnel syndrome, right carpal tunnel release, a postponed carpal tunnel release on the left hand, numbness in her right thumb, bilateral hand numbness, mild median neuropathies at the wrists bilaterally, pain and numbness and tingling in both hands, wearing carpal tunnel syndrome braces daily, mild osteoarthritic changes in the left hand, a clinical diagnosis of moderate carpal tunnel syndrome, some arthritis in both hands, decreased grip strength, and decreased ability to perform fine manipulation.

(Doc. #20, pp. 6-11.)  The record satisfies the mild burden to establish "severe" hand impairments at Step 2 of the process.

The ALJ was required to consider plaintiff's hand impairments at Step 2 and the subsequent steps in the evaluation process.  The ALJ did not do so, which requires reversal and remand.  Depending upon the ALJ's evaluation, it may be necessary to obtain the services of a vocational expert on remand.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #20) is **accepted and adopted** by the Court **in part** and **rejected in part**.

2.  The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can consider plaintiff's impairments relating to her hand at Step 2 of the evaluation process and each step thereafter, and take any additional actions necessary to properly resolve the claim.

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of February, 2013.

JOHN E. STEELE
United States District Judge

Copies:

Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record